# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE BATEMAN, et al., | Case No. 1:19-cv-00869-DAD-SAB |
| Plaintiffs, | ORDER GRANTING STIPULATED FURTHER STAY OF ACTION |
| v. | (ECF No. 19) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On April 20, 2020, this matter was stayed until June 1, 2020, pursuant to the stipulation of the parties. (ECF No. 17.) Having received no further request to stay this action, on June 2, 2020, the Court lifted the stay. (ECF No. 18.) On June 4, 2020, the parties filed a status report and a stipulated request to further stay this action for ninety (90) days. (ECF No. 19.)

The parties explain that the stay of the action was set to expire the day the courthouse was originally scheduled to reopen, that since then General Order Number 618 was issued stating the courthouse would remain closed until further notice, and that prior to the Court lifting the stay of this action, the "parties had planned to file a response by the June 8th deadline seeking a further stay of this action." (ECF No. 19 at 1.) The parties request a further stay of this action because they contend the relevant discovery cannot be completed by the current discovery deadlines because of the disruption caused by the COVID-19 public health emergency, and that the discovery deadlines cannot be realistically rescheduled at this time because needed work

includes physically gathering documents, inspecting the accident scene, meeting with witnesses and consultants, and taking depositions, including depositions out of the state.  (Id. at 1-2.)

The Court finds good cause to stay this action a further ninety (90) days.  However, the Court does note that while the parties state their intent was to file such request prior to the June 8th deadline, the April 20, 2020 order granting the stay stated: "If the parties believe that the stay should be extended beyond June 1, 2020, the parties may file a stipulation setting forth the reasons to extend the stay **as that date approaches**."  (ECF No. 17 at 1 (emphasis added).)  The order went on to state that within seven (7) days of the stay being lifted, the parties were to file a joint statement regarding whether the dates in the November 15, 2019 scheduling order should remain in place or setting forth new dates.  (ECF No. 17 at 2.)  Thus, the Court's desire was to have the parties file a request to extend the stay prior to the expiration of the stay, or for the parties to file a joint statement regarding whether a modification of the scheduling order's dates was necessary within seven days of the stay lifting.

Further, it is not clear why the parties rely on the fact that General Order No. 618 extended the courthouse closure in stating their reasons for filing this request after the expiration of the stay.  While it is true the parties had initially requested a stay of the action for 90 days from the date of the filed stipulation, April 20, 2020, and the Court set the initial expiration of the stay of this action to coincide with that of the court closure as a starting point as to not delay this action further than needed, the extension of the closure of physical courthouse access should not impact the parties' need for a further extension here.  Though access to the courthouse is foreclosed to the public, the Court, nor the undersigned's chambers, never closed.  The Court has continued issuing orders, holding hearings in both civil and criminal matters, and conducting settlement conferences via videoconference.  Filing is conducted via ECF and there is no apparent need for the parties to come to the courthouse at this stage in the litigation.  However, if there was in fact a need to be physically present, the General Order itself allows for judges to authorize persons to enter the courthouse for official court business, and states: "Any Judge may order case-by-case exceptions to any of the above numbered provisions at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court

to the extent such an order will impact court staff and operations." (E.D. Cal. G.O. No. 618, ¶¶ 1, 7.). This rationale should be removed from future requests before this Court as it may result in a no good cause finding.

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is STAYED until **September 3, 2020**;
2. If the parties require a further stay of the action, or if circumstances change and the parties desire an earlier lifting of the stay, they shall file a stipulated request prior to the expiration of the stay; and
3. Within seven (7) days of the stay of this matter being lifted, the parties shall file a joint statement setting forth proposed new dates and deadlines for this matter.

IT IS SO ORDERED.

Dated:   **June 5, 2020**

UNITED STATES MAGISTRATE JUDGE